UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

ALANDER LEVEEN JACOB,

        Defendant.

Case No. 3:98-cr-00076-HA
ORDER

HAGGERTY, District Judge:

Defendant Alander Leveen Jacob moves the court to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on the Fair Sentencing Act of 2010 (FSA), which reduced the disparity between the quantity of cocaine base (crack cocaine) and powder cocaine needed to trigger certain statutory mandatory minimum sentences, and Guideline Amendment 750, which lowered the base offense levels applicable to crack cocaine offenses. For the following reasons, defendant's Motion to Reduce Sentence [296] is denied. The court found an evidentiary hearing unnecessary to decide the current motion.

1 - ORDER

## FACTUAL BACKGROUND

On October 21, 1999, defendant pled guilty to two counts of possessing crack cocaine with the intent to distribute. The presentence report recommended that defendant be considered a career offender, because he had four previous convictions for burglary in the first degree. Pursuant to Guideline § 4B1.1(A), defendant's base offense level was 37, and with a three-level reduction for acceptance of responsibility, the total offense level was 34. Defendant's criminal history point total was 16, establishing a Criminal History Category of VI. Based on a total offense level of 34 and a Criminal History Category of VI, the sentencing guideline range was 262 to 327 months.

During defendant's sentencing on February 20, 2001, there were no objections to the presentence report. The court adopted the guideline calculations of the presentence report, as outlined above. Defendant was sentenced to 262 months for Count One and 262 months for Count Four, to be served concurrently with Count One. This court also imposed five years of supervised release and a special assessment of $200. Counts Two and Three were dismissed.

Defendant appealed his convictions and sentences, which the Ninth Circuit affirmed on December 2, 2002. Defendant also filed a petition for writ of certiorari, which the Supreme Court denied on June 9, 2003.

On October 21, 2010, defendant filed a Motion to Reduce Sentence [272] based on Amendment 706 to the Sentencing Guidelines. This court denied that motion, and upon reconsideration, the Court issued an Order [278] explaining that defendant was not eligible for a reduced sentence under Amendment 706 because he was a career offender.

///

2 - ORDER

## ANALYSIS

Defendant currently seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) based upon the FSA and Guideline Amendment 750. Specifically, defendant argues that the court incorrectly applied the 1998 Sentencing Guidelines Manual as opposed to the 2000 Sentencing Guideline Manual. In so doing, defendant argues that the court improperly considered uncharged drug quantities and improperly applied the career offender guidelines. However, defendant's arguments must be rejected for the following reasons.[1]

First, the FSA does not apply retroactively. The Ninth Circuit has clearly held that the Fair Sentencing Act of 2010 does not apply to defendants sentenced prior to its effective date, August 3, 2010. *United States v. Augustine*, 712 F.3d 1290 (9th Cir. 2013). Because defendant was sentenced on February 20, 2001, the Fair Sentencing Act of 2010 does not afford him any relief.

Second, although Guideline Amendment 750 can be applied retroactively, defendant's current motion must fail for the same reason that defendant's motion failed in 2010. Section 3582(c)(2) allows the court to reduce the term of a sentence only when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered. 18 U.S.C. § 3582(c)(2). The Sentencing Commission explained the procedure for implementing amendments to Sentencing Guidelines in Section 1B1.10 of the Sentencing Guidelines. U.S.S.G. § 1B1.10. Section 1B1.10 provides that a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) if the amendment does not have

---

[1] It must be noted that defendant requests that this court recuse itself from deciding this matter. However, Chief Judge Aiken already denied defendant's Motion to Disqualify in an Order [290] dated April 4, 2012. Defendant provides no new reasons justifying recusal.

the effect of lowering the defendant's applicable guideline range. Because defendant met the guideline definition of a career offender and his base offense level was calculated pursuant to U.S.S.G. § 4B1.1, defendant's base offense level remains unchanged by Guideline Amendment 750. *United States v. Bray*, 503 Fed. Appx. 519, 520 (9th Cir. 2012). Accordingly, this court lacks jurisdiction to reduce defendant's sentence under Guideline Amendment 750.

Finally, defendant argues that the Probation Office's use of the 1998 Guidelines Manual instead of the 2000 Guidelines Manual in his presentence report requires resentencing. However, 18 U.S.C. § 3582(c)(2) does not provide a means for defendant to challenge the use of the 1998 Guidelines Manual, because it only allows a defendant to challenge a sentence when his term of imprisonment has been lowered by the Sentencing Commission. Moreover, the two guideline manuals contained the same base offense levels relevant to defendant; therefore, any error was harmless.

**CONCLUSION**

For the reasons provided, defendant's Motion to Reduce Sentence [296] is DENIED. All other pending motions are DENIED.

IT IS SO ORDERED.

DATED this 11 day of June, 2013.

Ancer L. Haggerty
United States District Court