IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES,                          3:98-CR-00076-BR

       Plaintiff,                  OPINION AND ORDER

v.

ALANDER LEVEEN JACOB,

       Defendant.

BROWN, Judge.

    This matter comes before the Court on Defendant's request to
represent himself.  For the reasons that follow, the Court **DENIES
as moot** Defendant's request.

    On October 21, 1999, Defendant Alander Leveen Jacob pled
guilty to two counts of Possession with Intent to Distribute
Cocaine Base in violation of 21 U.S.C. § 841(b)(1).

    On February 20, 2001, Judge Ancer L. Haggerty sentenced
Defendant to a term of 262 months imprisonment and five years of
supervised release based on a finding that Defendant was a career
offender because he had two or more convictions for crimes of

1 - OPINION AND ORDER

violence pursuant to U.S.S.G. § 4B1.2(a).  On February 20, 2001, the Court entered a Judgment.

On June 14, 2016, Defendant filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 in which he asserted the Supreme Court's holding in *United States v. Johnson,* 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague and, therefore, is void, applied equally to the residual clause of U.S.S.G. § 4B1.2(a).  Defendant, therefore, asserted his sentence should be reduced.

On June 28, 2016, the Court entered an order staying this matter pending decisions by the Ninth Circuit and/or Supreme Court on the issue of the constitutionality of the residual clause of U.S.S.G. § 4B1.2(a) and directing the parties to file a status report in 180 days.

On August 26, 2016, the Court entered an Order (#354) Amending Previously-Entered Judgment based on the agreement of the parties that Defendant's § 2255 Motion "should be resolved on the grounds that the previously-entered judgment . . . should be amended in light of *Johnson v. United States*, 576 U.S._, 135 S. Ct. 2551 (2015), and *United States v. Cisneros,_ F.3d _,* 2016 WL 3435389 (9ᵗʰ Cir. June 22, 2016)."  The Court amended the February 20, 2001, Judgment "to delete the previously imposed term of 262 months[] incarceration and replace[d] [it] with a

2 - OPINION AND ORDER

sentence to a term of imprisonment of time served." The Court
also ordered Defendant to be released immediately from custody
and to begin his five-year term of supervised release.

On August 26, 2016, the Court entered an Amended Judgment in
which it sentenced Defendant to time served on both counts and
five years of supervised release.

On August 30, 2016, Defendant's attorney, Nancy Olson,
withdrew.

On September 12, 2016, Defendant filed *pro se* a Motion
(#357) for Reconsideration pursuant to Rule 59(e) in which he
requested the Court to reduce or to remove his supervised release
pursuant to the Supreme Court's decision in *Johnson*.

On September 19, 2016, the Ninth Circuit granted Defendant's
Motion to lift the Court's June 28, 2016, stay of Defendant's
§ 2255 Motion and authorized Defendant to file his June 2016
§ 2255 Motion in this Court.

On October 13, 2016, Defendant's counsel, Susan Wilk, filed
an Unopposed Motion to Stay Defendant's Motion to Reconsider
pending a decision from the Supreme Court in *Beckles v. United
States*, No. 15-8544.

On October 17, 2016, the Court granted Defendant's Motion to
Stay and stayed this matter pending a decision by the Supreme
Court in *Beckles*.

On January 25, 2017, Robert Rainwater was substituted as

Defendant's counsel.

On February 10, 2017, the Court entered an Order directing the parties to confer and to advise the Court whether there are any issues for the Court to resolve in this matter.

On March 8, 2017, Defendant filed a Status Report in which Rainwater advises the Court that Defendant has requested to represent himself and to set a date for oral argument on his request pursuant to *Faretta v. California*, 422 U.S. 806 (1975).

On March 9, 2017, the government filed a Response to the Status Report in which it opposes the request for a *Faretta* hearing on the grounds that the parties opted to settle Defendant's § 2255 petition, an Amended Judgment has been entered, and this matter has been closed.  In addition, the government notes the Supreme Court issued a decision in *Beckles* and held the residual clause of U.S.S.G. § 4B1.2(a) under which Defendant was sentenced is not unconstitutional.  Accordingly, that decision forecloses that argument as a basis for Defendant to challenge either his original or his amended sentence.  The government, therefore, asserts the Court should deny Defendant's request to represent himself as moot.  The Court agrees.

Defendant's sole challenge to his supervised release in his Motion for Reconsideration is that his amended sentence is unconstitutional under *Johnson*.  As noted, the Supreme Court foreclosed that argument in *Beckles* when it concluded § 4B1.2(a)

4 - OPINION AND ORDER

is not unconstitutional.  The Court, therefore, **DENIES**
Defendant's Motion (#357) for Reconsideration to the extent that
Motion is still outstanding and **DENIES as moot** Defendant's
request to represent himself.

### CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion
(#357) for Reconsideration to the extent that Motion is still
outstanding and **DENIES as moot** Defendant's request to represent
himself.  This matter is now closed and no further filings are
permitted.

IT IS SO ORDERED.

DATED this 14th day of March, 2017.


ANNA J. BROWN
United States District Judge


5 - OPINION AND ORDER